IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOLORES PRIETO, on behalf of  )
herself, and on behalf of all )
others similarly situated,    )
                              )
        Plaintiff,            )   2:09-cv-00901-GEB-KJM
                              )
     v.                       )   ORDER*
                              )
U.S. BANK National Association, a )
Delaware Corporation; and DOES 1  )
through 50, inclusive,        )
                              )
        Defendants.           )
_____)

On July 7, 2009, Plaintiff Dolores Prieto ("Prieto") filed a motion in which she seeks to transfer venue of this case to the Central District of California ("Central District"), where it appears an earlier-filed, identical putative class action is pending. The pending action, Williams v. U.S. Bancorp, filed on December 1, 2008, "seeks to certify a class of former and current U.S. Bank Branch Managers," which is exactly what Prieto seeks in this action, filed on April 1, 2009. (Pl.'s Mot. 2:5-8.) Prieto and the Williams Plaintiff

---

* This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

1  both "allege that Defendant misclassified putative class members as
2  exempt employees, and now owe back wages, penalties, and interest for
3  violations under the California Labor Code and the California Business
4  and Professions Code." (Pl.'s Mot. 2:8-10.)  Since the <u>Williams</u> case
5  was filed before Prieto filed her case and the <u>Williams</u> Plaintiff
6  seeks the same class certification that Prieto seeks, it is unclear
7  why Prieto's case is necessary in light of the pendency of the
8  <u>Williams</u> case.  Since this issue has not been discussed, the motion to
9  transfer venue is denied.

10         The parties shall explain in a brief, filed within ten days
11 of the date on which this order is filed, why it is necessary for this
12 action to continue pending in light of the earlier filed action in the
13 Central District, and why this action should not be dismissed under
14 the "first to file" rule, a recognized doctrine of federal comity that
15 allows a district court to "decline jurisdiction over a matter if a
16 complaint [involving the same parties and issues] has already been
17 filed in another district." <u>Church of Scientology of California v.</u>
18 <u>United States Department of the Army</u>, 611 F.2d 738, 749 (9th Cir.
19 1979).

20 Dated:  September 9, 2009

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge