CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
jon@chavezgertler.com
CHRISTIAN SCHREIBER (Bar No. 245597)
christian@chavezgertler.com
42 Miller Avenue
Mill Valley, CA  94941
Tel:  (415) 381-5599; Fax:  (415) 381-5572

SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
TODD M. SCHNEIDER (Bar No. 158253)
tschneider@schneiderwallace.com
JOSHUA G. KONECKY (Bar No. 182897)
jkonecky@schneiderwallace.com
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel:  (415) 421-7100; Fax:  (415) 421-7105

LAW OFFICES OF RICARDO DE ROSA
RICARDO DE ROSA (Bar No. 221226)
rjdlaw@sbcglobal.net
6640 Brook Falls Circle
Stockton, CA 95219
Tel:  (209) 345-7077; Fax:  (209) 476-0443

Attorneys for Plaintiff DOLORES PRIETO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES PRIETO,<br><br>    Plaintiff,<br><br>    vs.<br><br>U.S. BANK National Association, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 2:09-cv-00901- GEB-KJM<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE, IWC WAGE ORDERS, AND BUSINESS AND PROFESSIONS CODE §§17200, *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL**<br><br>Honorable Garland E. Burrell |

Plaintiff Dolores Prieto ("Plaintiff") alleges as follows:

**INTRODUCTION**

1. Plaintiff Dolores Prieto brings this action against U.S. Bank National Association ("U.S. Bank" or "Defendant"), a Delaware Corporation and wholly-owned subsidiary of U.S. Bancorp, to challenge its policy to classify Plaintiff as "exempt" when she was an In-Store Branch Manager, which resulted in Defendant's failure to pay her premium overtime wages for its failure to provide her lawful meal and rest periods to which she was entitled.

2. Plaintiff seeks past wages owed in the nature of unpaid overtime, as well as other damages and remedies.

3. This case challenges Defendant decision to misclassify Plaintiff as an exempt employee, even though she performed primarily the same non-exempt duties as regular non-exempt employees, including positions known as "Banker I," "Banker II," "Senior Banker," "Assistant Branch Manager," and "Co-Managers," all of which are hourly, non-exempt positions within U.S. Bank.

4. Plaintiff was required to work unpaid overtime hours on behalf of, and for the benefit of, Defendant. Plaintiff worked at a U.S. Bank branch within a Safeway grocery store.

5. As a result of these violations, U.S. Bank is also liable for various other penalties under the Labor Code, and for violation of the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, et seq.

6. Plaintiff seeks full compensation for all unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiff further seeks penalties for U.S. Bank's violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders. Plaintiff also seeks declaratory relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the Labor Code and Code of Civil Procedure §1021.5.

///

///

///

# PARTIES

7. Plaintiff Dolores Prieto is a former employee of U.S. Bank National Association. Her employment with U.S. Bank terminated on or around January 29, 2009. Plaintiff Prieto is a resident of Stockton, California.

8. Plaintiff Prieto worked at three different U.S. Bank in-store branches from approximately May 2005 through the termination of her employment in January 2009. Plaintiff Prieto worked at the Country Club Branch in Stockton, CA; the Benjamin Holt Branch in Stockton, CA; and the Lodi Branch in Lodi, CA. Plaintiff Prieto was an In-Store Branch Manager at the Lodi Branch and the Benjamin Holt Branch.

9. Plaintiff is informed and believes and thereon alleges, that defendant U.S. Bank was, and is, a corporation organized under the laws of the State of Delaware with its principle place of business in Cincinnati, Ohio.

10. In the First Amended Complaint ("FAC"), unless otherwise specified, reference to Defendant or Defendants shall refer to all defendants, including Does 1 through 50 and each of them. Throughout this FAC, any reference to "U.S. Bank" is intended to refer to all Defendants jointly.

11. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1-50, and therefore sues these Defendants by fictitious names. Plaintiff will amend her complaint to state the true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter set forth were proximately caused by Defendants.

12. Plaintiff is informed and believes and thereon alleges, that each of the Defendants named herein acted as the employee, agent, partner, alter-ego, and/or joint venturer of each of the other Defendants named herein, and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

13. At all times mentioned herein, one of the businesses owned and operated by Defendants was the operation of retail commercial banks under the trade name "U.S. BANK," open to the general public in grocery stores such as Safeway, Pavilions, Andronico's, Pac N Save, Ralphs, Vons, Holiday Foods, and Albertsons.

## JURISDICTION AND VENUE

14. Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction based on diversity jurisdiction. Furthermore, pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over Plaintiff's claims for unpaid overtime wages, penalties, and unpaid wages due to denied meal and rest periods pursuant to the California Labor Code, including Labor Code §§218 and 1194, and the wage orders of the IWC.

15. This Court has jurisdiction over Plaintiff's claims for the restitution of earned wages and benefits, which are the money and property of Plaintiff, arising from U.S. Bank's unfair competition under Business & Professions Code §17200, et seq.

16. This Court has jurisdiction over Plaintiff's claims for penalties in violation of the Labor Code pursuant to Business and Professions Code §17202, as well as pursuant to the applicable Labor Code provisions.

17. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a) because this court has personal jurisdiction over U.S. Bank, which: (1) conducts business in the State of California; (2) hires and maintains employees in the State of California; and (3) avails itself of the protection of the laws of the State of California.

## FACTUAL ALLEGATIONS

18. U.S. Bank failed to pay Plaintiff overtime compensation for overtime hours worked in violation of Labor Code §510 and the applicable IWC wage orders. U.S. Bank willfully classified Plaintiff as exempt from the overtime provisions of Labor Code §510 and the IWC wage orders. Plaintiff was not exempt from California's overtime laws. Plaintiff did not have discretion in making company policy, and she did not exercise the requisite discretion and independent judgment in the discharge of her duties to be exempt from California's overtime laws.

19. Plaintiff was regularly denied off-duty meal and rest periods. She was frequently forced to eat while working, often had to skip her meal periods altogether, and rarely had a chance to take a rest break. This violates Labor Code §§226.7, 512 and the IWC wage orders.

20. U.S. Bank has also failed to pay wages due and owing promptly within the statutory period upon the end of Plaintiff's employment. This violates Labor Code §§201-203.

21. U.S. Bank's unlawful conduct was repeated and willful throughout its California locations. U.S. Bank knew or should have known that its actions were unlawful and unfair.

## FIRST CAUSE OF ACTION
**Failure to Pay Overtime Wages in Violation of Labor Code §§510 and 1194 and California Industrial Welfare Commission Wage Orders**
(Against All Defendants)

22. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

23. California Labor Code §510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

24. The California IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states in pertinent part:

> (3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
>
> (a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

---
FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUS. & PROF. CODE §§17200, *ET SEQ.*
*Prieto v. U.S. Bank National Association, et al.*
4

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

25. California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

26. California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

27. U.S. Bank's decision to classify Plaintiff as exempt from the overtime pay entitlements was unlawful. At no relevant time was Plaintiff primarily engaged in exempt duties. Neither Paragraph 1 of Wage Order 4-2001 nor any other provision of law exempted Plaintiff from the right to overtime pay. Plaintiff did not regularly exercise discretion and independent judgment in carrying out her job duties, and had no discretion in making company policy.

28. Plaintiff worked overtime hours for U.S. Bank without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

29. U.S. Bank knowingly and willfully refused to perform its obligations to compensate Plaintiff for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants damaged Plaintiff in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

30. Defendants are liable to Plaintiff for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

31. Wherefore, Plaintiff requests relief as hereinafter provided.

///

///

**SECOND CAUSE OF ACTION**
**Failure to Provide Off-Duty Meal and Rest Periods**
**in Violation of California Labor Code §§226.7 and 512; IWC Wage Orders**
**(Against All Defendants)**

32. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

33. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require U.S. Bank to provide off-duty meal and rest periods to its In-Store Branch Managers, including Plaintiff. Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes. Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. During such a meal and rest period, the employee must be relieved of all duty.

34. Under §226.7(b) and the applicable wage orders, an employer who fails to provide an off-duty meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Similarly, an employer must pay an employee denied an off-duty rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

35. Despite these requirements, U.S. Bank has knowingly and willfully refused to perform its obligations to provide Plaintiff with the off-duty meal and rest periods to which she was entitled. U.S. Bank's conduct described herein violates California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b), Plaintiff is entitled to compensation for the failure to provide off-duty meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

36. Wherefore, Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**
(Against All Defendants)

37.  Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

38.  Labor Code §201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

39.  Labor Code §202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

40.  Labor Code §203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

41.  Plaintiff has left her employment with U.S. Bank during the statutory period, at which time U.S. Bank owed Plaintiff her overtime and missed off-duty meal and rest period wages.  U.S. Bank willfully refused and continues to refuse to pay Plaintiff all the wages that were due and owing her upon the end of her employment.  As a result of U.S. Bank's actions, Plaintiff has suffered and continues to suffer substantial losses, including lost earnings and interest.

42.  U.S. Bank's willful failure to pay Plaintiff the wages due and owing her constitutes a violation of Labor Code §§201-202.  As a result, U.S. Bank is liable to Plaintiff for all penalties owing pursuant to Labor Code §§201-203.

43.  In addition, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled to penalties pursuant to Labor Code §203.

44.  Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

45.  Wherefore, Plaintiff requests relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§17200,** *et seq.*
(Against All Defendants)

46. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47. California Business and Professions Code §§17200 *et seq.* (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

48. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

49. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

50. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, U.S. Bank has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

 a. violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;
 b. violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks; and
 c. violations of Labor Code §§201-203.

51. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 *et seq.*

52. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff wages rightfully earned by her, while enabling U.S. Bank to gain an unfair competitive advantage over law-abiding employers and competitors.

53. Business and Professions Code §17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice that constitutes unfair competition.

54. As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

55. Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff is entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from her during the four-year period prior to the filing of this Complaint.

56. Business and Professions Code §17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff is entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code §17202.

57. Plaintiff herein takes upon herself enforcement of her rights, these laws, and lawful claims. There is a financial burden involved in pursuing this action, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

58. Wherefore, Plaintiff requests relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**In Violation of California Labor Code § 226)**
(Against all Defendants)

59. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

60. IWC Wage Orders, including without limitation Wage Order 4-2001, provide that the employer shall keep accurate information with respect to each employee, including total hours worked and applicable rates of pay.

61. Labor Code § 226 provides that the employer shall provide at the time of each payment of wages an accurate itemized statement that discloses (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and compliant identifying information, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

62. During the three years preceding the filing of this complaint, U.S. Bank provided to Plaintiff, at the time of payment of wages, wage statements that failed to disclose, and did misrepresent, the true applicable rate at which the overtime pay of Plaintiff was calculated and paid, and the true amount of wages earned.

63. Plaintiff requests an award of penalties, attorneys' fees, costs, and expenses, pursuant to California Labor Code § 226(e).

64. Wherefore, Plaintiff requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For a declaratory judgment that U.S. Bank has violated the California Labor Code and public policy as alleged herein;

2. For a declaratory judgment that U.S. Bank has violated Business and Professions Code §§17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

3. For a declaratory judgment that U.S. Bank acted willfully in each of the violations of California wage and hour laws;

4. For an order awarding Plaintiff compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff, together with interest on these amounts, according to proof;

5. For an order awarding Plaintiff punitive damages, according to proof;

6. For an order awarding Plaintiff civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act.

7. For an award of interest on all unpaid amounts due and owing Plaintiff to the extent provided by law;

8. For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure §1021.5; and/or other applicable law;

9. For all costs of suit; and

10. For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

Dated:  November 6, 2009                                CHAVEZ & GERTLER LLP

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICES OF RICARDO DE ROSA

*/s/ Christian Schreiber*
Christian Schreiber
Attorneys for Plaintiff

---

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE LABOR CODE AND BUS. & PROF. CODE §§17200, *ET SEQ.*
*Prieto v. U.S. Bank National Association, et al.*
11