UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES PRIETO, | Civ. No. S-09-901 KJM CKD |
| Plaintiff, | |
| v. | ORDER |
| U.S BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

On August 8, 2013, the court heard argument on defendant's motion to preclude the expert testimony of Juan Garza. Christian Schreiber and Jonathan Gertler appeared for plaintiff; Joan Fife and Emilie Woodhead appeared for defendant.

I. BACKGROUND

On November 23, 2009, the court issued a scheduling order, directing the parties to disclose their experts on or before July 7, 2010. ECF No. 34.

On July 7, 2010, plaintiff served an expert disclosure designating Dwight Steward, Ph.D., as her expert, stating that he would testify about plaintiff's damages and defendant's scheduling practices. ECF No. 63-2 at 3. Plaintiff supplemented this disclosure on August 4, 2010 with additional information about Dr. Steward. ECF No. 63-3 at 2-21.

The trial date has been changed several times since the original scheduling order has issued; it is currently set for October 21, 2013. *See, e.g.*, ECF Nos. 45, 62, 69.

On April 23, 2013, plaintiff served another expert witness disclosure, designating Juan Garza to "provide testimony regarding … tasks, such as training, which constitute exempt and non-exempt work" and damages. ECF No. 63-5 at 2-3. This disclosure was not accompanied by a report. *Id*.

The parties filed their joint pretrial statement on January 31, 2013. ECF No. 61. Plaintiff does not identify Dr. Steward as a witness in the parties' joint pretrial statement.

II. ANALYSIS

Defendant argues that the designation of Garza is untimely, coming long after the expiration of the time set in the scheduling order, and asks that plaintiff be precluded from presenting Garza's testimony at trial. It asks that if the court is not inclined to preclude Garza's testimony, the court order plaintiff to provide Garza's report and make him available for deposition. It also argues that if Garza is allowed to testify, he should not be permitted to give a legal conclusion about the nature of plaintiff's job duties.

Plaintiff counters that the expert disclosure was timely, as it was made within ninety days of the reset trial date and that experts routinely give testimony on ultimate conclusions.

Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness, accompanied by a written report prepared and signed by the witness and this disclosure must occur "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(D). In the absence of a stipulation or a court order, the disclosures are to be made "at least 90 days before the date set for trial . . . ." *Id.* A party who fails to provide information or identify a witness when required by Rule 26(a) or 26(e) "is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1). The burden is on the party facing sanctions to prove harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). In determining whether the violation of the discovery deadline is harmless, the court should consider (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and

2

1  (4) bad faith or willfulness in failing to make a timely disclosure. *Lanard Toys Ltd. v. Novelty,*
2  *Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (unpublished).

3  The court rejects plaintiff's claim that her disclosure of Garza's identity was
4  timely because it was made within ninety days of the reset trial date. As noted, the Federal Rules
5  provide for the ninety day window when a scheduling order has not issued. This litigation has
6  been governed by a scheduling order, however; that the trial date has been changed several times
7  does not render the other dates in that order illusory. *See Millenkamp v. Davisco Foods Int'l Inc.*,
8  No. CV 03–439–S–EJL, 2009 WL 3430180, at *2 (rejecting party's claim that when the court set
9  a new trial date without setting new deadlines for expert disclosure, expert disclosures were
10  governed by the default deadline, ninety days before trial; "[t]he fact that a new trial has been set
11  does not restart the entire case"). The disclosure here was untimely.

12  The disclosure does not satisfy Rule 26 for another reason as well: it was not
13  accompanied by a report from Garza, which is a separate ground for preclusion sanctions.
14  *DataQuill LTD v. High Tech Computer Corp.*, Civil No. 08 cv 543–IEG (BGS), 2011 WL
15  3818998, at *3 (S.D. Cal. Aug. 26, 2011). Although plaintiff has offered to make Garza available
16  for a deposition, she does not dispute that she has not provided a report for defendant to use as a
17  basis or starting point for any examination.

18  The court does not find the late disclosure and failure to produce a report to be
19  substantially justified or harmless. As noted, plaintiff provides no explanation for her late
20  disclosure, apart from her belief that the scheduling order lost its effect when the trial date was
21  changed, and no justification for her failure to provide Garza's report, however tardy. Nor can
22  the court find the disclosure to be harmless: the parties' joint pretrial statement shows that
23  defendant intends to call only one expert, Joseph Krock, Ph.D., to provide an economic analysis
24  and to testify about damages. ECF 65 at 31. Had Garza been timely disclosed, defendant may
25  have changed its own expert designation. Even reopening discovery at this stage to allow
26  defendant to depose Garza may not cure the harm at this late date, depending on what defendant
27  learns during the deposition. In the absence of an expert report, a deposition might not be
28  completely effective. In light of the fact that defendant may not be able to cure the prejudice and

1  that it might cause a further disruption of the schedule to permit defendant to prepare to and then
2  depose Garza, the court cannot find the late, incomplete disclosure to be harmless. *Goodman v.*
3  *Staples The Office Superstore LLC*, 644 F.3d 817, 827 (9th Cir. 2011).
4     As plaintiff's failure was neither substantially justified nor harmless, the court has
5  discretion as to the sanction to impose. *Yeti by Molly*, 259 F.3d at 1106.  Plaintiff argues that in
6  exercising its discretion the court should apply the five-factor test articulated in *Wendt v. Host*
7  *International Inc*., and consider:  (1) the public's interest in expeditious litigation; (2) the court's
8  need to manage its docket; (3) the risk of prejudice to the defendant; (4) public policy favoring
9  disposition of cases of the merits; and (5) any less drastic sanctions.  125 F.3d 806, 814 (9th Cir.
10 1997).  Although *Wendt* involved precluding an expert's testimony, the test it used comes from
11 cases imposing a sanction of dismissal or default.  *See Wanderer v. Johnston*, 910 F.2d 652, 656
12 (9th Cir. 1990).  Even if it is appropriate to use this test when considering preclusion rather than
13 dismissal, its application supports preclusion.
14    It is true that this case has been continued several times, but a firm trial date has
15 now been set.  Should the court allow the parties to reopen expert discovery, it is possible that
16 trial will be continued again, for a case that is more than four years old.  The court's need to
17 manage its docket is neutral, even though plaintiff's disregard of the original scheduling order
18 suggests a potential for further disruption.  As noted, there is possible prejudice to defendant
19 should the testimony not be excluded.  Plaintiff has presented nothing suggesting the exclusion
20 will prevent the disposition of this case on the merits.  Although there are less drastic sanctions,
21 the other factors favor preclusion of the witness.
22    IT IS THEREFORE ORDERED that defendant's motion to preclude the testimony
23 of plaintiff's expert Juan Garza, ECF No. 63, is granted.
24 DATED:  August 19, 2013.
25
26             UNITED STATES DISTRICT JUDGE
27
28